■ PETER PAZ, Appellant, v SINGER COMPANY, Respondent, et al., Defendant.—Order of the Supreme Court, New York County (Edith Miller, J.), entered October 23, 1987, which denied plaintiff's motion for summary judgment and granted

defendant's motion for summary judgment to the extent of dismissing the complaint with leave to replead a cause of action for breach of contract, unanimously affirmed, without costs.

Plaintiff, a commercial photographer, was engaged by Singer Company in November 1982 to take a series of photographs at its Far East facilities. Plaintiff completed the photographic assignment and, allegedly to permit Singer to meet a publication deadline, delivered the undeveloped rolls of film to Singer in December 1982. In February 1983, plaintiff demanded the return of the negatives, which Singer refused. The written contract is silent as to whether Paz or Singer is to take title to the negatives.

This action was commenced in March 1987 seeking the return of the negatives or recovery of their reasonable value in damages. The complaint advances two theories of recovery: (1) a violation of article 12 of the Arts and Cultural Affairs Law and (2) conversion. The IAS court granted summary judgment to defendant Singer, finding the Arts and Cultural Affairs Law inapplicable and the claim for conversion barred by the Statute of Limitations. The court therefore dismissed the complaint "with leave to replead a cause of action for breach of contract".

In his brief, plaintiff argues that he should not bear the burden of proof to establish an express agreement giving him ownership of the negatives and maintains that "it is incumbent upon this Court to correct the law of the case created by the trial judge's decision."

It would be premature to review the law which the IAS court must apply to a complaint which has not yet been submitted to it. On the record before us, we agree with the IAS court that plaintiff's action, however denominated in his complaint, sounds in contract and that any relief to which he may be entitled must be determined by reference to his contract with Singer. We further agree that plaintiff bears the burden of establishing his right to possession of the negatives. It is black letter law that the burden of proving the existence, terms and validity of a contract rests on the party seeking to enforce it (Fisch, Evidence § 1098 [2d ed]). In this regard, however, we do not read the IAS court's exposition that plaintiff's action is based upon an express agreement as precluding an attempt to demonstrate that possession of the negatives vests in plaintiff by operation of law or by virtue of the implicit understanding of the parties with respect to the

custom and usage of the trade. Concur—Sullivan, J. P., Asch, Rosenberger, Wallach and Rubin, JJ.