■ SHARK INFORMATION SERVICES CORP., Appellant-Respondent, v CRUM AND FORSTER COMMERCIAL INSURANCE et al., Respondents-Appellants, and KELSO RISK MANAGEMENT, INC., et al., Respondents. [634 NYS2d 700] —Order of the Supreme Court, New York County (Herman Cahn, J.), entered March 28, 1995, which, *inter alia*, denied plaintiff's motion for summary judgment upon its first and second causes of action, unanimously modified, on the law, to the extent of granting plaintiff's motion as to the first and second causes of action and declaring that defendant insurers are obligated under the subject policy of insurance to indemnify plaintiff-insured for its claimed loss, and, upon a search of the record, granting defendants Kelso Risk Management, Inc. and Robert M. Kelso judgment dismissing the complaint as against them, and except as so modified, affirmed, with costs to plaintiff only.

On December 11, 1992, plaintiff, whose business involves distribution of financial data largely by electronic means, suffered a substantial interruption of its operations by reason of a power outage caused by a severe storm. At the time, plaintiff was insured pursuant to a property and casualty policy issued by defendant insurers which, as delivered to plaintiff and insofar as is here relevant, included coverage of up to $2 million for any loss resulting from power interruption affecting plaintiff's data processing operation. Upon plaintiff's submission of a claim for losses sustained as a consequence of the December 11, 1992 outage, however, defendant insurers indicated their intention to disclaim liability under the policy. Although the policy as delivered to plaintiff plainly covered the claimed loss and contained no applicable exclusion, defendants maintained that the exclusion upon which its disclaimer would rest had been inadvertently omitted from the policy and that its reliance upon the exclusion should not be precluded by the inadvertent error. Plaintiff thereafter commenced the present action, seeking, *inter alia*, in its first cause of action damages for breach of the insurance contract and in its second cause of action a declaration that defendant insurers were obligated to indemnify it for the December 11, 1992 loss. In their answer, defendant insurers alleged that the policy incorporated the exclusion upon which they sought to rely by reference, and asserted in the alternative a counterclaim for reformation of the policy. In

this latter connection, it was alleged that the exclusion from coverage upon which the insurers wished to premise their disclaimer had been omitted from the policy by reason of mutual mistake.

Motions for summary judgment by both plaintiff and defendant insurers ensued. Those motions were denied in the order here reviewed. The motion court was apparently of the view that although the endorsement containing the claimed exclusion was concededly absent from the policy as issued, there was some factual question as to whether the exclusion might be viewed as incorporated in the policy by reference. As to the defendants' cross-motion for judgment upon their counterclaim for reformation, the court, while noting the "heavy presumption" that the policy as issued embodied the true intention of the parties, and while noting that "the record does not show * * * that there was a mistake by one side and a fraudulent misrepresentation by the other", merely denied the cross-motion; the final disposition of the counterclaim was for reasons unknown left for another day.

In our view, defendants' reliance upon the doctrine of incorporation by reference must, as a matter of law, be held ineffective to bring the claimed exclusion within the terms of subject policy. Incorporation by reference, of course, is appropriate only where the document to be incorporated is referred to and described in the instrument as issued so as to identify the referenced document "beyond all reasonable doubt" (*Matter of Board of Commrs.*, 52 NY 131, 134; *Chiacchia v National Westminster Bank*, 124 AD2d 626, 628). It is clear that none of the instant policy's oblique references to an otherwise unidentified "Coverage Form" meet this exacting standard. Indeed, the policy as issued gives every appearance of being a complete statement of the terms, conditions, and limitations of coverage and makes no obvious reference to any unincluded endorsement, much less one containing so critically important an exclusion from coverage. Moreover, even if the policy could be reasonably viewed as referential and the reference was clear, the claimed exclusion would still fail to relieve defendant insurers of their obligation to indemnify plaintiff for the December 11, 1992 loss because defendants have not met their burden of establishing that the flood exclusion declaration upon which they rely clearly and unmistakably governs the instant claim (*see, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652).

Defendants fare no better upon their counterclaim for reformation. The record is devoid of evidence of mutual mistake or

fraud, much less such evidence as would even begin to overcome the heavy presumption that the policy as issued by defendant insurers reflected the true intent of the parties (*see*, *Chimart Assocs. v Paul*, 66 NY2d 570, 573; *Gaylords Natl. Corp. v Arlen Realty & Dev. Corp.*, 112 AD2d 93, 96).

Finally, as we, in light of the foregoing, grant plaintiff's motion for summary judgment upon its first two causes, finding in the course of so doing that plaintiff's loss was covered under the policy, it follows that plaintiff's claims against its insurance broker Kelso Risk Management, Inc. and the broker's principal, Robert M. Kelso, should be dismissed. Those claims are fundamentally premised on the broker's alleged failure to obtain insurance covering the subject loss. As we have, however, found that such coverage was in fact obtained, it is clear that the claims asserted against the broker are without merit. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.