■ HARRISON N. KENNER, SR., et al., Respondents, v AVIS RENT A CAR SYSTEM, INC., Appellant, et al., Defendant. [678 NYS2d 213] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied the motion of Avis Rent A Car System, Inc. (defendant), for partial summary judgment, which sought dismissal of all claims in excess of $10,000 on the ground that defendant is entitled to contractual indemnification from plaintiffs with respect to such claims. Defendant contends that *Morris v Snappy Car Rental* (84 NY2d 21) is directly on point and that any claim by Harrison N. Kenner, Sr. (plaintiff), that he was unaware of the terms and conditions of the car rental agreement that he signed is wholly invalid. We disagree because the facts in this case are distinguishable from those in *Morris.* There, the renter signed on the front side of the agreement and the indemnification provision was on the reverse side thereof. In this case, the indemnification provision was contained in a separate jacket or folder that was admittedly not provided to plaintiff until after he signed the rental agreement. The doctrine of incorporation by reference requires that the paper to be incorporated into the written instrument by reference must be so described in the instrument that the paper may be identified "beyond all reasonable doubt" (*Matter of Board of Commrs.,* 52 NY 131, 134). There is a triable issue of fact whether the oblique reference in the rental agreement to an otherwise unidentified "rental document jacket" meets that exacting standard (*cf., Shark Information Servs. Corp. v*

*Crum & Forster Commercial Ins.,* 222 AD2d 251, 252) and thus whether the rental document signed by plaintiff gave him sufficient notice of the indemnification provisions included in the contents of the separate jacket (*see, Chiacchia v National Westminster Bank,* 124 AD2d 626, 628). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.