■ FRANK DELEONARDIS, Appellant-Respondent, v COUNTY OF WESTCHESTER, Respondent-Appellant. [826 NYS2d 404]—

In an action, inter alia, to recover damages for breach of a

lease, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Rudolf, J.), entered October 26, 2005, as denied his cross motion for summary judgment on the issue of liability, and the defendant cross-appeals from so much of the same order as denied its motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint to the extent that it sought damages in excess of $900,000.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to dismiss the first cause of action in the complaint to the extent that it sought damages in excess of $900,000 and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

In August 2001 the defendant County of Westchester expressed an interest in leasing property owned by the plaintiff (hereinafter the landlord) and converting the property into a satellite campus for Westchester Community College. It was proposed that the landlord would be responsible for making the necessary alterations and improvements to the building; and the landlord would then be reimbursed for part of the costs related to the renovations. The projected cost involved in renovating the building would be approximately $1,208,500.

Thereafter, the County enacted Local Law No. 31-2001 (2001) of the County of Westchester (hereinafter Local Law 31-2001). The local law authorized the lease between the landlord and the County for a period of 10 years commencing on September 1, 2002. With respect to the cost involved in renovating the property, the local law stated: "The landlord shall be responsible for completing approximately $1,200,000.00 in renovations to the leased space to make it ready for occupancy by the County. Of this amount the landlord shall expend without repayment or reimbursement by the County $300,000 towards costs relating to the construction. The balance of approximately $900,000 will be amortized and paid as additional rent at the current rate of interest then in effect. *The actual amount will be determined following an audit of renovations costs*" (emphasis added).

On January 18, 2002 the parties executed the lease. However, the lease exceeded the authority conferred by Local Law 31-2001 in several respects. In article 8 of the lease the landlord agreed to renovate the premises in conformity with the plans and drawings that had been prepared by his architect and engineers, and approved by the County. The landlord agreed to pay the sum of $300,000 towards the cost of the renovations. Contrary to the cap imposed by Local Law 31-2001, sums

expended in excess of the aforesaid $300,000 for the renovations would be paid by the County as additional rent amortized over 10 years. Further, the County's obligation to pay the additional rent would continue until the landlord was repaid and would continue even if the lease agreement expired.

The lease provided that the County would only be liable for "moneys appropriated" for the project. However, the lease further provided that in the event sufficient funds were not appropriated by the Westchester County Board of Legislators pursuant to law in any fiscal period "then this Lease shall terminate on the last day of the fiscal period for which sufficient funds are appropriated." Further, the County would "do all things lawfully within its power to obtain, maintain, and properly request and pursue funds."

After the project was "substantially completed" the landlord sought reimbursement for construction costs in excess of $300,000. The landlord claimed to have spent approximately $2.1 million on the required renovations, and sought reimbursement of the construction cost minus the $300,000 he was required to pay. The County refused to reimburse the landlord for anything over $900,000. The landlord then commenced this action by summons and amended complaint dated January 2, 2004, seeking, among other things, damages for breach of contract, reimbursement for services rendered on a quantum meruit basis for money expended in renovating the subject building, damages for unjust enrichment, and damages for lost rental and real estate taxes.

The County, in its verified answer, asserted that it was not liable for expenses incurred by the landlord in excess of what was authorized by the local law. The County moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) on the ground that documentary evidence established that the dismissal of the complaint was required. The landlord cross-moved for summary judgment on the issue of liability. The Supreme Court denied the motion and the cross motion. We modify the Supreme Court's order.

The documentary evidence clearly demonstrated that the parties attempted to enter into an agreement in excess of the authority conferred by Local Law 31-2001. To the extent that the various County personnel were authorized to enter into a lease, they submitted radically different terms to the plaintiff than provided by Local Law 31-2001. Under these circumstances, the landlord did not establish the existence a binding contract for the terms it sought to enforce (*see* 10 McQuillin, Municipal Corporations § 29.02 [3d ed]; *City of Zanesville, Ohio*

*v Mohawk Data Sciences Corp.*, 97 AD2d 64 [1983]; *Paz v Singer Co.*, 151 AD2d 234 [1989]).

Moreover, even if the lease could be construed as constituting a valid contract for all terms other than the cap imposed by Local Law 31-2001, we note that other provisions in the lease indicate that, should sufficient funds not be appropriated, as in fact occurred, the landlord was authorized to terminate the lease but allow it to continue solely to the extent of collecting the sums actually appropriated. Under either circumstance, no basis exists for the landlord's first cause of action seeking to recoup sums expended in excess of the $900,000 appropriated by the County. Accordingly the Supreme Court should have granted the County's motion solely as to the first cause of action alleging a breach of contract.

With respect to the remaining causes of action, giving the landlord every favorable inference and based on the circumstances herein, including, inter alia, the fact that the County approved the renovation plans and contributed to the cost overruns, we agree with the Supreme Court that no basis for the dismissal of those claims was established. Similarly, the landlord failed to prove its entitlement to summary relief on any of the remaining causes of action. Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.