■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN P. BARRERA, Appellant. [872 NYS2d 687]—Judgment, Supreme Court, New York County (James A. Yates, J.), rendered on or about September 14, 2006, unanimously affirmed. No opinion. Order filed. Concur—Mazzarelli, J.P., Friedman, Buckley, Acosta and Freedman, JJ.

■ UNCLAIMED PROPERTY RECOVERY SERVICE, INC., Appellant, v UBS PAINEWEBBER INC., Respondent. [870 NYS2d 361]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered November 20, 2007, which granted defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, unanimously affirmed, without costs.

The breach of contract cause of action was properly dismissed since the parties' agreement, which provided that defendant would pay plaintiff a fee of ten percent of all unclaimed property recovered, neither specified the "nature of the property" nor "disclose[d] the name and address of the holder" (Abandoned Property Law § 1416 [1] [b], [c]). The court properly refused to incorporate by reference a 36-page list of properties held by the New York State Office of Unclaimed Funds, as the list was not "referred to and described in the instrument as issued so as to identify the referenced document 'beyond all reasonable doubt' " (*Shark Information Servs. Corp. v Crum & Forster Commercial Ins.*, 222 AD2d 251, 252 [1995], quoting *Matter of Board of Commrs. of Washington Park of City of Albany*, 52 NY 131, 134 [1873]), and the agreement contained a merger clause. The court also properly did not admit the list as parol evidence since the agreement was "complete and clear and unambiguous upon its face" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990] [internal quotation marks and citation omitted]).

Dismissal of the unjust enrichment claim was appropriate as it was duplicative of the breach of contract cause of action (*see Unclaimed Prop. Recovery Serv., Inc. v Chase Manhattan Bank*, 25 AD3d 688, 689 [2006], *lv denied* 7 NY3d 713 [2006]). In the absence of a claim establishing underlying liability, the account stated claim was not viable (*see M. Paladino, Inc. v Lucchese & Son Contr. Corp.*, 247 AD2d 515, 516 [1998]). Concur—Mazzarelli, J.P., Friedman, Buckley, Acosta and Freedman, JJ.