█ WILLIAM A. KLIAMOVICH, Respondent, v WINIFRED T. KLIAMOVICH, Also Known as WINIFRED T. MCMAHON, Appellant. [925 NYS2d 591]—

In an action, inter alia, for a judgment declaring that the plaintiff is the sole beneficiary of a life insurance policy, the defendant appeals from an order of the Supreme Court, Rockland County (Weiner, J.), entered March 9, 2010, which, upon a decision dated January 5, 2010, granted the plaintiff's motion, among other things, for summary judgment, denied the defendant's cross motion, inter alia, for summary judgment, declared that changes to beneficiaries made in 1996 were valid and binding and that changes to beneficiaries made after 1996 were ineffective and void, and directed that the proceeds of the subject life insurance policy be turned over to the irrevocable beneficiaries as designated by a 1996 policy change request form and that the Nassau County Treasurer pay the proceeds to the irrevocable beneficiaries. The notice of appeal from the decision dated January 5, 2010, is deemed a notice of appeal from the order (see CPLR 5512 [a]).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion, inter alia, for summary judgment, and substituting therefor a provision denying the motion, and (2) by deleting the provisions thereof declaring that changes to beneficiaries made in 1996 were deemed valid and binding and that changes to beneficiaries made after 1996 were ineffective and void, and directing that the proceeds of the subject life insurance policy be turned over to the irrevocable beneficiaries as directed by a 1996 policy change request form and that the Nassau County Treasurer pay the proceeds to the irrevocable beneficiaries; as so modified, the order is affirmed, without costs or disbursements.

On or about August 28, 1987, the plaintiff's father, William B. Kliamovich (hereinafter the insured), purchased a life insurance policy with a death benefit of $250,000 from Companion Life Insurance Company (hereinafter Companion). After the insured's death in October 2005, the plaintiff commenced this action against Winifred T. Kliamovich, also known as Winifred T. McMahon, the insured's wife, inter alia, for a judgment declaring that he is the sole beneficiary under the policy.

The plaintiff moved, inter alia, for summary judgment. In support of the motion, the plaintiff submitted, among other things, an undated policy change request form which designated the plaintiff and two others as irrevocable beneficiaries, and a letter dated July 29, 1996, which bore the signature stamp of

Companion's president, acknowledging the request. The plaintiff contended that any change of beneficiary thereafter was void, based upon a lack of consent by the irrevocable beneficiaries. The defendant cross-moved, inter alia, for summary judgment, disputing the validity of the 1996 changes and claiming entitlement to the policy proceeds pursuant to a policy change request form from 1998, that designated the defendant as the primary beneficiary of the policy.

It is undisputed that neither the policy change request form, nor the July 29, 1996, letter, could be located in Companion's files. Consequently, the plaintiff was unable to produce the original writings which allegedly would have been contained in Companion's files.

The best evidence rule requires the production of an original writing where its contents are in dispute and sought to be proven (*see Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 644 [1994]). Under an exception to the rule, "secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence and has not procured its loss or destruction in bad faith" (*id.* [citations omitted]; *see Lipschitz v Stein*, 10 AD3d 634, 637 [2004]). "Once a sufficient foundation for admission is presented, the secondary evidence is 'subject to an attack by the opposing party not as to admissibility but to the weight to be given the evidence, with [the] final determination left to the trier of fact' " (*Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d at 646, quoting *United States v Gerhart*, 538 F2d 807, 809 [1976]).

Here, the plaintiff established a sufficient foundation for the admission of the undated policy request change form and the letter dated July 29, 1996. A letter written to the plaintiff's attorney by Companion's counsel set forth that despite a diligent search, Companion was unable to locate copies of the policy change request form or the letter dated July 29, 1996. The plaintiff, in an affidavit, set forth that he had found the policy change request form and the July 29, 1996, letter among his father's personal papers, after his father's death. Companion's representative, Judy Snowdon, testified at her deposition that the July 29, 1996, letter appeared to be a Companion letter, that it contained the stamp of the signature Ernest B. Johnson, Companion's president in 1996, and that his stamped signature was used by Companion at the time. Snowdon also testified that she had no reason to believe that the letter was not authentic. Moreover, a business event note and a letter dated November

12, 1997, which were located in Companion's files, referenced the fact that the policy had an irrevocable beneficiary.

The interest of an irrevocable beneficiary in a life insurance policy cannot be divested without the beneficiary's consent (*see Ruckenstein v Metropolitan Life Ins. Co.*, 263 NY 204 [1934]). Consequently, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that the 1996 changes to the policy designated him, as well as two others, as irrevocable beneficiaries, that he did not consent to any change in the policy and, as a result, any change in beneficiary after the 1996 changes was null and void. In opposition, however, the defendant raised a triable issue of fact by submitting evidence that Companion accepted changes to the policy designating her as the primary beneficiary in 1998 and the sole beneficiary in 2000. That Companion accepted these subsequent changes, absent consent of the alleged irrevocable beneficiaries, raises an issue of fact as to the validity and/or authenticity of the 1996 changes which are not reflected in Companion's files. Accordingly, the Supreme Court erred in granting the plaintiff's motion, inter alia, for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Similarly, the Supreme Court properly denied the defendant's cross motion, inter alia, for summary judgment. While the defendant established her prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the insured designated the defendant as the primary beneficiary of the policy in 1998, and the sole beneficiary of the policy in 2000, the plaintiff, in opposition, raised a triable issue of fact by submitting the policy change request form and letter dated July 29, 1996.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Dillon, J.P., Balkin, Eng and Roman, JJ., concur. **[Prior Case History: 26 Misc 3d 1212(A), 2010 NY Slip Op 50080(U).]**