■ AMICA MUTUAL INSURANCE COMPANY, as Subrogee of Eric Trudel, Appellant, v KINGSTON OIL SUPPLY CORP., Also Known as KOSCO, Respondent. [21 NYS3d 318]—

In a subrogation action, inter alia, to recover damages for breach of contract and negligence, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated November 6, 2014, which granted the defendant's motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint as time-barred is denied.

The plaintiff, as subrogee of Eric Trudel, asserts that in September 2009, Trudel entered into a contract whereby the defendant agreed to deliver petroleum to Trudel's home and to maintain Trudel's residential heating system. In May 2011, Trudel discovered that an above-ground storage tank on his property was leaking petroleum. The plaintiff alleges that the

defendant failed to properly maintain Trudel's residential heating system, properly deliver the petroleum, and properly inspect the above-ground storage tank, resulting in the discharge of the petroleum on Trudel's property. The plaintiff further alleges that Trudel was an injured party who was not responsible for the discharge of petroleum.

The complaint interposes causes of action to recover damages for breach of contract, negligence, gross negligence, and strict liability under Navigation Law § 181, and seeks contribution and indemnification. With respect to its indemnification and contribution claims, the plaintiff seeks to recover the remediation costs incurred as a result of the petroleum spill.

The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff's action was time-barred because the contract between Trudel and the defendant contained a one-year limitations period, and the plaintiff commenced the action more than one year after Trudel discovered the petroleum leak. The plaintiff opposed the motion, contending, among other things, that the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law by tendering evidence in admissible form, and failed to establish, prima facie, when the limitations period for the indemnification cause of action began to run. The Supreme Court granted the defendant's motion. We reverse.

On a motion to dismiss a complaint as time-barred, a defendant bears the initial burden of establishing, prima facie, that the time to sue to recover damages for each cause of action asserted in the complaint has expired (*see State of Narrow Fabric, Inc. v UNIFI, Inc.*, 126 AD3d 881, 882 [2015]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 90 AD3d 821, 822 [2011]). Moreover, the proponent of a motion for summary judgment must submit evidence in admissible form to establish its prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In support of its motion, the defendant contended that Trudel signed a 2010 Pricing Offer which incorporated by reference a customer agreement containing a provision barring any lawsuits that are not commenced "within one year of the cause of action." The defendant submitted a copy of a 2010 Pricing Offer which was not signed by Trudel or dated. The document provided that "[t]his price offer [is] subject to the KOSCO CUSTOMER AGREEMENT terms and conditions (available upon request or at www.koscocomfort.com)." The defendant also submitted an unsigned customer agreement containing the one-year limitations period.

The defendant additionally submitted an affidavit from its employee Tara Muscillo, who averred that the defendant "likely" lost the original signed Pricing Offer when, in December 2010, the defendant's office "was transferred to a different location," and that, "after diligent search, Kosco cannot find Trudel's original signed [2010 Pricing Offer]." She further averred, based upon her familiarity with the defendant's computer files, that "[t]he July 28, 2010 date on the computer record documents that Trudel's signed Pricing Offer agreement was received by Kosco and processed by [her] on July 28, 2010."

"[T]he burden of proving the existence, terms and validity of a contract rests on the party seeking to enforce it" (*Paz v Singer Co.*, 151 AD2d 234, 235 [1989]; *see Sardis v Frankel*, 113 AD3d 135, 143 [2014]; *Silber v New York Life Ins. Co.*, 92 AD3d 436, 439 [2012]; *Verizon N.Y., Inc. v Barlam Constr. Corp.*, 90 AD3d 1537, 1538 [2011]; *DeLeonardis v County of Westchester*, 35 AD3d 524, 526 [2006]). "The best evidence rule requires the production of an original writing where its contents are in dispute and are sought to be proven" (*Stathis v Estate of Karas*, 130 AD3d 1008, 1009 [2015]; *see Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643 [1994]; *Kliamovich v Kliamovich*, 85 AD3d 867, 869 [2011]). "The rule 'serves mainly to protect against fraud, perjury and inaccuracies . . . which derive from faulty memory' " (*Stathis v Estate of Karas*, 130 AD3d at 1010, quoting *Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d at 644). Under an exception to the best evidence rule, "secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence and has not procured its loss or destruction in bad faith" (*Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d at 644 [citations omitted]; *see Stathis v Estate of Karas*, 130 AD3d at 1009-1010). "Loss may be established upon a showing of a diligent search in the location where the document was last known to have been kept, and through the testimony of the person who last had custody of the original. Indeed, the more important the document to the resolution of the ultimate issue in the case, the stricter becomes the requirement of the evidentiary foundation establishing loss for the admission of secondary evidence" (*Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d at 644 [internal quotation marks, brackets and citations omitted]).

Here, given the significance of the lost original Pricing Offer to the issue of whether the action was time-barred, Muscillo's

conclusory averments were insufficient to explain its unavailability (*see Stathis v Estate of Karas*, 130 AD3d at 1010; *Verizon N.Y., Inc. v Barlam Constr. Corp.*, 90 AD3d 1537 [2011]; *Poslock v Teachers' Retirement Bd. of Teachers' Retirement Sys.*, 209 AD2d 87, 96 [1995], *affd* 88 NY2d 146 [1996]; *cf. Kliamovich v Kliamovich*, 85 AD3d at 869). The defendant did not submit an affidavit from the person who last had custody of the original 2010 Pricing Offer, or from a person with personal knowledge of the search for it.

Even if the defendant's submissions were sufficient to establish the unavailability of the original Pricing Offer, Muscillo's affidavit was insufficient secondary evidence that an original signed agreement ever existed. Muscillo's averment that "[t]he July 28, 2010 date on the computer record documents that Trudel's signed Pricing Offer agreement was received by Kosco and processed by [her] on July 28, 2010," is not sufficient to establish, prima facie, the absence of any triable issue of fact as to whether Trudel signed the 2010 Pricing Offer because, inter alia, the computer entry itself does not indicate whether a signature appeared on the Pricing Offer. The defendant did not submit any affidavit from a person with personal knowledge as to whether Trudel ever signed the 2010 Pricing Offer.

Since the defendant failed to establish the admissibility of the unsigned 2010 Pricing Offer, we need not reach the issue of whether it incorporated by reference the proffered customer agreement (*see Kenner v Avis Rent A Car Sys.*, 254 AD2d 704, 704-705 [1998]; *Shark Information Servs. Corp. v Crum & Forster Commercial Ins.*, 222 AD2d 251, 252 [1995]; *Chiacchia v National Westminster Bank*, 124 AD2d 626, 628 [1986]).

In light of our determination, we need not reach the plaintiff's remaining contentions.

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint as time-barred. Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.