## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: December 17, 2015                520931
_____

MAINES PAPER & FOOD SERVICE,
    INC.,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

KEYSTONE ASSOCIATES,
    ARCHITECTS, ENGINEERS,
    AND SURVEYORS, LLC,
                        Appellant.
_____

Calendar Date:  October 22, 2015

Before:  Peters, P.J., Garry, Rose and Clark, JJ.

                        _____


        Sugarman Law Firm, LLP, Syracuse (Jenna W. Klucsik of
counsel), for appellant.

        Hinman, Howard & Kattell, LLP, Binghamton (Albert J. Millus
Jr. of counsel), for respondent.

                        _____


Garry, J.

        Appeal from an order of the Supreme Court (Burns, J.),
entered November 3, 2014 in Broome County, which denied
defendant's motion for partial summary judgment.

        In 2009, plaintiff retained defendant to perform
architectural consulting services related to the construction of
a new supermarket.  Following the completion of construction,
plaintiff's employees discovered that the supermarket floor had
begun to settle in an irregular manner.  Thereafter, plaintiff
commenced this action sounding in breach of contract and
professional malpractice, alleging that the floor defect stemmed

from construction methods that were inappropriate for the conditions at the site. Following joinder of issue, defendant moved for partial summary judgment on the issue of damages, arguing that, in the event that it was found liable, the prospective damages should be capped by application of a limitation of liability clause. This clause was contained within a schedule purportedly attached or incorporated into the parties' contract (hereinafter Schedule A). Supreme Court denied defendant's motion, finding that triable issues of fact existed as to whether Schedule A — and the limitation of liability clause contained therein — was included in the parties' contract. Defendant appeals.

Defendant submits that Supreme Court erred in that the evidence established as a matter of law that plaintiff received Schedule A, or, in the alternative, that Schedule A was incorporated into the contract by reference. The proponent of a motion for summary judgment bears the initial burden of showing the absence of material issues of fact; once made, the burden shifts to the opposing party "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Phoenix Signal & Elec. Corp. v New York State Thruway Auth., 90 AD3d 1394, 1396 [2011]). In support of its motion, defendant submitted the parties' contract with an attached Schedule A containing a limitation of liability clause. The contract states that "[t]his Proposal, along with the attached Standard Terms and Conditions, Schedule A, Schedule B, and the Billing Rate Schedule represents the entire understanding between the Client and Architect." Defendant also submitted an affidavit from its managing member in which he asserts that Schedule A "[was] attached to, and a part of, [defendant's] agreement with [plaintiff]." He further stated that it is defendant's normal business practice for it to send an accompanying copy of Schedule A to all prospective clients whenever a proposed contract is sent. These submissions met defendant's prima facie burden, and thus required plaintiff to demonstrate triable issues of fact.[1]

_____

[1] Plaintiff argues that the photocopy of the contract proffered by defendant appears to show hole-punch marks on the

        In opposition, plaintiff submitted affidavits from its director of corporate facilities and an administrative assistant. The director stated that he had located a copy of the parties' contract in plaintiff's files, but that, unlike the version proffered by defendant, it did not have a Schedule A attached to it. The administrative assistant stated that she had signed her name to the parties' contract upon receiving it from defendant, that the contract was stapled when she signed it and that there was no Schedule A attached to it. Plaintiff also submitted its copy of the contract, which did not include any attached Schedule A. In sum, plaintiff's evidence directly contradicted the averments of defendant's managing member that Schedule A was attached to the contract and "[t]hese diametrical accounts of the facts create credibility issues which may not be resolved on a motion for summary judgment" (Rosenbaum v Camps Rov Tov, 285 AD2d 894, 895 [2001]; see Martin v Citibank, N.A., 64 AD3d 477, 477-478 [2009]).

        In the alternative, defendant argues that, even if Schedule A was not attached to the contract, it was nonetheless incorporated into the contract by reference. In this regard, defendant points to plaintiff's acknowledgment that it had located two unexecuted draft contracts in its files that did include a Schedule A and had apparently been sent to a former employee of plaintiff. However, the content of the underlying draft contracts differed substantially from the contract that was ultimately entered into in terms of the scope of the work that defendant was to perform. Further, the Schedule A attached to these prior draft contracts differed, albeit only in minor respects, from the Schedule A that defendant purports to have

_____

executed contract, but not on the Schedule A that was allegedly attached thereto; plaintiff suggests that this reveals that defendant made the holes in the executed contract upon receipt, and then attached Schedule A at a later point. We find little merit in this speculative assertion. Amongst other possible scenarios, it discounts the possibility that defendant's hole-punching device simply failed to penetrate the entire document (see generally Bush v Gore, 531 US 98, 105 [2000]).

attached to the executed contract.[2]   The doctrine of incorporation by reference "is grounded on the premise that the material to be incorporated is so well known to the contracting parties that a mere reference to it is sufficient" (Chiacchia v National Westminster Bank, 124 AD2d 626, 628 [1986]).   The document is required to also be described in the contract such that it is identifiable "'beyond all reasonable doubt'" (Kenner v Avis Rent A Car Sys., 254 AD2d 704, 704 [1998], quoting Matter of Board of Commrs. of Washington Park of City of Albany, 52 NY 131, 134 [1873]; accord Unclaimed Prop. Recovery Serv., Inc. v UBS PaineWebber Inc., 58 AD3d 526, 526 [2009]).   Here, defendant failed to submit any evidence to show that the Schedule A referenced in the contract was understood by the parties to be coextensive with the Schedule A attached to the prior unexecuted contracts.   Instead, as set forth above, the evidence submitted undermines this assertion.   Thus, viewing the evidence in the light most favorable to plaintiff (see e.g. William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013]), we find that defendant failed to conclusively establish as a matter of law that Schedule A was sufficiently identified in the executed contract so as to be incorporated by reference (see County of Orange v Carrier Corp., 57 AD3d 601, 602 [2008]; Kenner v Avis Rent A Car Sys., 254 AD2d at 704-705; Chiacchia v National Westminster Bank, 124 AD2d at 628).

Peters, P.J., Rose and Clark, JJ., concur.

---

[2]   The Schedule A attached to the prior draft contracts identified defendant as "CONSULTANT" while Schedule A that defendant purported to have attached to the executed contract identified defendant as "ARCHITECT."

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court