■ UNDERHILL HOLDINGS, LLC, Appellant, v TRAVELSUITE, INC., et al., Defendants, and SCOTT ZIEGLER, Respondent. [27 NYS3d 521]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered June 9, 2014, which denied plaintiff's motion for summary judgment on its breach of contract, promissory estoppel, unjust enrichment, quantum meruit and account stated causes of action, and granted defendants' cross motions for summary judgment dismissing those causes of action, unanimously modified, on the law, to deny the cross motions as to the unjust enrichment cause of action as against the V1 defendants and the quantum meruit and account stated causes of action, and otherwise affirmed, without costs.

The motion court correctly granted summary judgment dismissing the breach of contract claim against the V1 defendants on the ground that they were not parties to the subject agreement and, by virtue of its merger clause, could not be shown by extrinsic evidence consisting of drafts of the agreement, negotiations and certain communications to have been the intended obligors. We reject the contention that the V1 defendants, as strangers to the agreement, cannot invoke the

merger clause and the parol evidence rule under the instant circumstances, where a party to the written agreement seeks not merely to alter or contradict its terms but to use parol to add a stranger as a party. Notably, the leading out-of-state authority upon which plaintiff relies (*Fillinger v Northwestern Agency, Inc., of Great Falls*, 283 Mont 71, 938 P2d 1347 [1997]) was soon distinguished by the court that decided it as not involving the stranger exception to the application of the parol evidence rule at all (*see Habets v Swanson*, 303 Mont 410, 418, 16 P3d 1035, 1040 [2000]).

The promissory estoppel cause of action was correctly dismissed in the absence of a clear and unambiguous promise by the V1 defendants to pay plaintiff (*see MatlinPatterson ATA Holdings LLC v Federal Express Corp.*, 87 AD3d 836, 841-842 [1st Dept 2011], *lv denied* 21 NY3d 853 [2013]). The unjust enrichment causes of action against the individual defendants were also properly dismissed in light of their unrebutted affidavits explaining why they were not unjustly enriched by taking flights on plaintiff's seaplane.

However, there are at least issues of fact as to whether plaintiff had a reasonable expectation of compensation from the V1 defendants and as to whether these defendants were unjustly enriched in not paying to plaintiff the fares they had collected. Given plaintiff's claim that the V1 defendants may be held liable as third-party beneficiaries, which was not challenged on the motions and remains viable at this juncture, there is the possibility of an underlying liability that could support a cause of action for an account stated based on plaintiff's unpaid invoices (*see Unclaimed Prop. Recovery Serv., Inc. v UBS PaineWebber Inc.*, 58 AD3d 526 [1st Dept 2009]). Concur—Tom, J.P., Saxe, Richter and Kapnick, JJ. 