Eshaghpour v Zepsa Indus., Inc. (2019 NY Slip Op 05490)





Eshaghpour v Zepsa Indus., Inc.


2019 NY Slip Op 05490


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Gesmer, Kern, JJ.


9833 652344/18

[*1]Robin Eshaghpour, Plaintiff-Respondent,
v
Zepsa Industries, Inc., et al., Defendants-Appellants.


Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (Larry F. Gainen of counsel), for appellants.
Law Office of Alan C. Stein, P.C., Woodbury (Alan C. Stein of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered November 7, 2018, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1), unanimously affirmed, with costs.
Defendant Zepsa Industries, Inc. (Zepsa) and plaintiff entered into a contract to install architectural woodwork in residential apartments owned by plaintiff's wife. Plaintiff signed the front page of the agreement, indicating that the "prices, specifications and conditions above and on the back of this proposal [were] satisfactory." Zepsa moved to have the complaint dismissed, relying on the "Terms and Conditions" printed on the back of the proposal page, which included a forum selection clause requiring all disputes to be litigated in North Carolina. However, the Terms and Conditions section never appeared in the proposed agreement that plaintiff ultimately reviewed and signed, and it is undisputed that plaintiff never saw the Terms and Conditions page. Indeed, the final 29-page agreement, which did not include the "Terms and Conditions," was paginated consecutively and signed on each page by both parties. Therefore, contrary to defendants' suggestions, plaintiff had no reason to ask for any other documents.
Although documents may be incorporated by reference as part of an executed agreement (see Kachurin v Barr, 272 AD 391, 398 [1st Dept 1947], affd 297 NY 889 [1948]; see also Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's, 66 AD3d 495, 498-499 [1st Dept 2009], affd 14 NY3d 850 [2010], cert denied 562 US 962 [2010]), the doctrine of incorporation by reference "is grounded on the premise that the material to be incorporated is so well known to the contracting parties that a mere reference to it is sufficient" (see Maines Paper & Food Serv., Inc., v Keystone Assoc., Architects Engrs. & Surveyors, LLC, 134 AD3d 1340, 1342 [3d Dept 2015]). The referenced material must be described in the contract such that it is identifiable beyond all reasonable doubt (Shark Information Servs. Corp. v Crum & Forster Commercial Ins., 222 AD2d 251, 251-252 [1st Dept 1995]). Here the agreement's oblique reference to an otherwise unidentified Terms and Conditions page, which was never provided to plaintiff, is insufficient to [*2]meet this exacting standard (see id. at 252).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK