Castillo v Big Apple Hyundai (2019 NY Slip Op 08271)





Castillo v Big Apple Hyundai


2019 NY Slip Op 08271


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


10339 305548/12

[*1] Ney Castillo, Plaintiff-Respondent,
v
Big Apple Hyundai, Defendant, Safeguard NY I LLC, Defendant-Respondent.
Safeguard NY I LLC, Third-Party Plaintiff-Respondent,
v
Red Hook Construction Group I LLC, Third-Party Defendant-Appellant.


Carol R. Finocchio, New York, for appellant.
Hach & Rose, LLP, New York (George W. Ilchert of counsel), for Ney Castillo, respondent.
McGaw, Alventosa & Zajac, Jericho (Andrew Zajac of counsel), for Safeguard NY I LLC, respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about January 11, 2019, which, to the extent appealed from, granted defendant/third-party plaintiff Safeguard NY I LLC's motion for summary judgment on its claim against third-party defendant Red Hook Construction Group I LLC (Red Hook I) for contractual indemnification and conditionally granted the motion for summary judgment as to the claim for breach of contract for failure to procure insurance, denied Red Hook I's motion for summary judgment dismissing those claims, and denied Safeguard NY I's motion for summary judgment dismissing as against it the Labor Law § 241(6) claim predicated on Industrial Code § 23-1.7(e)(2), unanimously modified, on the law, to the extent of denying Safeguard NY I's motion as against Red Hook I, and upon a search of the record, to grant Safeguard NY I's motion dismissing the Labor Law § 241(6) claim predicated on Industrial Code § 23-1.7(e)(2), and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against Safeguard.
This appeal centers on Red Hook I's contention that there was no operative written agreement between Safeguard NY I and Red Hook I governing plaintiff's demolition work, and even if there was, Red Hook I had no express written agreement to indemnify Safeguard NY I in connection with plaintiff's accident.
We agree with the motion court that the indemnification provision contained in the AIA Document A201&TLRtrade;-2007 General Conditions of the Contract for Construction was expressly adopted by reference and made part of the contract documents (see Liberty Mgt. & Constr. v Fifth Ave. & Sixty-Sixth St. Corp., 208 AD2d 73, 77-78 [1st Dept 1995]; see generally Maines Paper & Food Serv., Inc. v Keystone Assoc., Architects, Engrs., & Surveyors, LLC, 134 AD3d 1340, 1342 [3d Dept 2015]).
Summary judgment is not available, however, for either party as to the indemnification provisions because there are ambiguities in the written contracts regarding which of the Red [*2]Hook entities were engaged to do the operative work covered by the indemnification provisions (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 368 [2005]).
Since Industrial Code (12 NYCRR) § 23-1.7(e)(2) is inapplicable to this case, as the safe over which plaintiff tripped was integral to the work of removing debris from the premises, the Labor Law § 241(6) claim predicated on Industrial Code § 23-1.7(e)(2) should be dismissed (see Solis v 32 Sixth Ave. Co. LLC, 38 AD3d 389, 390 [1st Dept 2007]; Smith v New York City Hous. Auth., 71 AD3d 985, 987 [2d Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK