Mutlu v Mutlu (2019 NY Slip Op 08567)





Mutlu v Mutlu


2019 NY Slip Op 08567


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2016-12658
 (Index No. 30675/13)

[*1]Kristy Mutlu, respondent, 
v
Ismail Mutlu, appellant.


Tini Law P.C., Copiague, NY (Francesco P. Tini of counsel), for appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Suffolk County (John Iliou, J.), entered October 11, 2016. The judgment of divorce, insofar as appealed from, upon a decision and order of the same court dated April 14, 2011, made after a nonjury trial, inter alia, granting the plaintiff's motion to enforce a postnuptial agreement dated February 29, 2008, and for a money judgment in the sum of $4,500, (1) incorporated, but did not merge, the postnuptial agreement into the judgment of divorce, (2) failed to make an equitable distribution award to the defendant, and (3) awarded the plaintiff a money judgment in the sum of $4,500.
ORDERED that the judgment of divorce is reversed insofar as appealed from, on the law and the facts, with costs, the plaintiff's motion to enforce the postnuptial agreement dated February 29, 2008, and for a money judgment in the sum of $4,500 is denied, the decision and order dated April 14, 2011, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings and a new determination relating to equitable distribution of the parties' property, and the entry of an amended judgment of divorce.
The parties were married on December 23, 2007, and have one child together. On November 18, 2013, the plaintiff commenced this action for a divorce and ancillary relief. The plaintiff sought, inter alia, equitable distribution of the marital property pursuant to a postnuptial agreement allegedly executed by the parties on February 29, 2008. A nonjury trial was held on the ancillary economic issues attendant to the divorce. The plaintiff sought to move a copy of the postnuptial agreement into evidence, claiming that she did not have the original and did not know its whereabouts. The defendant objected and contended that he did not sign the document and that none of the signatures on the document were his. The court granted the plaintiff's application and
admitted a copy of the postnuptial agreement into evidence .
The best evidence rule requires the production of an original writing where its contents are in dispute and sought to be proven (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643; Amica Mut. Ins. Co. v Kingston Oil Supply Corp., 134 AD3d 750, 752; Stathis v Estate of Karas, 130 AD3d 1008, 1009; Kliamovich v Kliamovich, 85 AD3d 867, 869). The rule serves mainly to protect against fraud, perjury, and inaccuracies derived from faulty memory (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 643-644; Amica Mut. Ins. Co. v Kingston Oil Supply Corp., 134 AD3d at 752; Stathis v Estate of Karas, 130 AD3d at 1010). "[S]econdary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of [*2]the primary evidence and has not procured its loss or destruction in bad faith" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 644 [citations omitted]; see Amica Mut. Ins. Co. v Kingston Oil Supply Corp., 134 AD3d at 752; Stathis v Estate of Karas, 130 AD3d at 1010; Kliamovich v Kliamovich, 85 AD3d at 869). "Loss may be established upon a showing of a diligent search in the location where the document was last known to have been kept, and through the testimony of the person who last had custody of the original" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 644 [citations omitted]; see Amica Mut. Ins. Co. v Kingston Oil Supply Corp., 134 AD3d at 752). The more important the document is to the resolution of the ultimate issue in the case, the stricter the requirement of establishing its loss (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 644).
Here, at trial, the plaintiff merely testified that she did not possess the original postnuptial agreement and that she believed it was either lost or stolen. Given the significance of the postnuptial agreement to the issue of equitable distribution, the defendant's allegations that his purported signature on the document was forged, and the plaintiff's failure to adequately explain the unavailability of the original document, we disagree with the Supreme Court's determination to admit a copy of the document into evidence (see Amica Mut. Ins. Co. v Kingston Oil Supply Corp., 134 AD3d at 752-753; Stathis v Estate of Karas, 130 AD3d at 1010; Matter of Neenan, 35 AD3d 475, 477), and to incorporate the purported agreement into the judgment of divorce. Accordingly, we conclude that a new trial is necessary, with the court to make a new determination as to the admissibility and enforceability of the claimed postnuptial agreement.
While a new determination of the economic issues between the parties is required, we also express our disagreement, under the circumstances presented, with the Supreme Court's determination to award the plaintiff a money judgment in the sum of $4,500 as reimbursement for payment of the defendant's brother's immigration bond (see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421). Many payments are made during the course of any marriage, and "[a]s a general rule, where the payments are made before either party is anticipating the end of the marriage, and there is no fraud or concealment, courts should not look back and try to compensate for the fact that the net effect of the payments may, in some cases, have resulted in the reduction of marital assets. Nor should courts attempt to adjust for the fact that payments out of separate property may have benefitted both parties, or even the nontitled spouse exclusively" (id. at 421). Thus, "[c]ourts should not second-guess the economic decisions made during the course of a marriage, but rather should equitably distribute the assets and obligations remaining once the relationship is at an end" (id.).
The defendant's remaining contentions either are without merit or need not be addressed in light of our determination.
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court