In an action, inter alia, to recover damages for breach of contract and conversion, the defendants appeal from a judgment of the Supreme Court, Orange County (Onofry, J.), dated November 13, 2012, which, upon a jury verdict, and upon an order of the same court dated July 23, 2012, granting the defendants’ motion pursuant to CPLR 4404 (a) to set aside the jury verdict to the extent of reducing the amount of damages awarded on the cause of action to recover damages for conversion from the principal sum of $602,500 to the principal sum of $50,000, is in favor of the plaintiff and against the defendants Estate of Donald Karas, by and through its executors Nancy Bloom and Charles Karas, and Marital Trust Under the Will of Donald Karas, by and through its Trustees Nancy Bloom and Charles Karas, in the principal sum of $835,000, and the plaintiff cross-appeals, as limited by his brief, from stated portions of the same judgment.
Ordered that the appeal by the defendants Nancy Bloom, individually, Charles Karas, individually, Natalie Karas, individually, and as beneficiary of Marital Trust Under the *1009 Will of Donald Karas, and Hope Assets, LLC, is dismissed, as those defendants are not aggrieved by the judgment appealed from (see CPLR 5501); and it is further,
Ordered that the judgment is reversed insofar as appealed from by the defendants Estate of Donald Karas, by and through its executors Nancy Bloom and Charles Karas, and Marital Trust Under the Will of Donald Karas, by and through its Trustees Nancy Bloom and Charles Karas, on the law, the order dated July 23, 2012, is vacated, and the matter is remitted to the Supreme Court, Orange County, for a new trial in accordance herewith; and it is further,
Ordered that the cross appeal is dismissed as academic in light of our determination of the appeal by the defendants Estate of Donald Karas, by and through its executors Nancy Bloom and Charles Karas, and Marital Trust Under the Will of Donald Karas, by and through its Trustees Nancy Bloom and Charles Karas; and it is further,
Ordered that one bill of costs is awarded to the defendants Estate of Donald Karas, by and through its executors Nancy Bloom and Charles Karas, and Marital Trust Under the Will of Donald Karas, by and through its Trustees Nancy Bloom and Charles Karas, payable by the plaintiff.
The plaintiff commenced this action to enforce his alleged rights arising from a written agreement (hereinafter the joint development agreement). Pursuant to this agreement, the plaintiff and Donald Karas (hereinafter the decedent) agreed and bound themselves to develop certain real property owned by the decedent, and the decedent was to convey his interest in the property to the plaintiff, or to entities formed by the plaintiff and the decedent, of which the plaintiff and decedent were to be equal joint owners. At trial, the Supreme Court permitted the plaintiff to enter into evidence a copy of the joint development agreement, rather than the original document. The jury returned a verdict in favor of the plaintiff, and judgment was entered in favor of the plaintiff and against the defendants Estate of Donald Karas, by and through its executors Nancy Bloom and Charles Karas, and Marital Trust Under the Will of Donald Karas, by and through its Trustees Nancy Bloom and Charles Karas, in the principal sum of $835,000.
The Supreme Court erred in permitting the plaintiff to enter into evidence a copy of the joint development agreement. The best evidence rule requires the production of an original writing where its contents are in dispute and are sought to be proven (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643 [1994]; Kliamovich v Kliamovich, 85 AD3d 867, *1010 869 [2011]). The rule “serves mainly to protect against fraud, perjury and inaccuracies . . . which derive from faulty memory” (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 644 [internal quotation marks omitted]). Under an exception to the rule, “secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence and has not procured its loss or destruction in bad faith” (id. [citations omitted]). The proponent of the secondary evidence “has the heavy burden of establishing, preliminarily to the court’s satisfaction, that it is a reliable and accurate portrayal of the original. Thus, as a threshold matter, the trial court must be satisfied that the proffered evidence is authentic and correctly reflects the contents of the original before ruling on its admissibility” (id. at 645 [internal quotation marks omitted]).
Here, the plaintiff failed to adequately explain the unavailability of the primary evidence, i.e., the original executed joint development agreement (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 644; Matter of Neenan, 35 AD3d 475, 476-477 [2006]). While the court considered the deposition testimony of Jerry Jacobowitz, an attorney who had represented the decedent, that he had seen a “cleaner” copy of the original than that which was admitted at trial, and that the “cleaner” copy was provided either by the defendant Nancy Bloom or the decedent’s brother, this testimony did not establish that the original was in the possession of the defendants. Moreover, the plaintiff did not establish that the original was kept in the corporate office or that he had conducted a diligent search in that location prior to his being locked out of the office by the defendants more than two months after the decedent’s death. While the plaintiff averred that the original joint development agreement was placed in the corporate book at the time of its execution in 1997, he offered no evidence to establish that the original was in the corporate book or office at the time of the decedent’s death in 2005.
Further, even if the plaintiff met his threshold burden of explaining the unavailability of the original joint development agreement, the Supreme Court erred in finding that the plaintiff elicited sufficient proof to establish that the copy was a reliable and accurate portrayal of the original. The plaintiff’s deposition testimony that the copy was an exact copy of the original joint development agreement could not be offered at trial, as it was precluded by the application of the Dead Man’s *1011 Statute (see CPLR 4519). Other evidence submitted by the plaintiff, including Jacobowitz’s deposition testimony, failed to establish that the copy proffered by the plaintiff was a reliable and accurate portrayal of the original joint development agreement.
The issue of whether the plaintiff and the decedent entered into the subject joint development agreement was vital to the plaintiff’s proof of his case, as it was to the defense, and the admission into evidence of this agreement undoubtedly had a substantial influence in bringing about the verdict (see CPLR 2002; Nelson v Friends of Associated Beth Rivka Sch. for Girls, 119 AD3d 536, 537 [2014]). Accordingly, the Supreme Court’s error was not harmless. We thus remit the matter to the Supreme Court, Orange County, for a new trial.
The parties’ remaining contentions either are without merit or need not be reached in light of our determination. Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.