Pennsylvania Lumbermens Mut. Ins. Co. v B&F Land Dev. Corp. (2019 NY Slip Op 00292)





Pennsylvania Lumbermens Mut. Ins. Co. v B&F Land Dev. Corp.


2019 NY Slip Op 00292


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-08692
 (Index No. 34112/09)

[*1]Pennsylvania Lumbermens Mutual Insurance Company, respondent, 
v
B & F Land Development Corp., defendant, Marie-Luise Maier, etc., appellant.


Elovich & Adell, Long Beach, NY (Mitchel Sommer, Glenn L. Sabele, and A. Trudy Adell of counsel), for appellant.
Jacobson & Schwartz, LLP, Jericho, NY (Paul Goodovitch of counsel), for respondent.



DECISION & ORDER
In an action for declaratory relief, the defendant Marie-Luise Maier appeals from an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated July 28, 2016. The order, after a nonjury trial, granted the plaintiff's application for a judgment declaring that it had no duty to defend or indemnify the defendant B & F Land Development Corp. in an underlying action entitled Maier v B & F Land Development Corp., commenced in the Supreme Court, Nassau County, under Index No. 5155/09.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, the plaintiff's application for a judgment declaring that it had no duty to defend or indemnify the defendant B & F Land Development Corp. in an underlying action entitled Maier v B & F Land Development Corp., commenced in the Supreme Court, Nassau County, under Index No. 5155/09 is denied, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
On November 9, 2007, Philippe Smith, also known as Filippe Smith (hereinafter the decedent), was working on premises owned by the defendant B & F Land Development Corp. (hereinafter B & F), when he allegedly fell through a skylight and sustained fatal injuries. In March 2009, the defendant Marie-Luise Maier, as executor of the decedent's estate, commenced an action entitled Maier v B & F Land Development Corp. in the Supreme Court, Nassau County, under Index No. 5155/09, seeking damages against B & F for personal injuries and wrongful death (hereinafter the underlying action).
At the time of the decedent's accident, B & F had been issued a policy of commercial [*2]general liability insurance (hereinafter the policy) by the plaintiff, Pennsylvania Lumbermens Mutual Insurance Company (hereinafter PLM). PLM received notice of the decedent's death on April 15, 2009, and issued a reservation of rights on May 4, 2009. On June 22, 2009, PLM issued a letter denying coverage for the claim on the basis that the location of the loss, 28 Saw Grass Road, Yaphank, was not a location listed in its policy issued to B & F, that the policy provided an exclusion for bodily injury arising out of B & F's ongoing operations conducted by it or on its behalf, and that the loss was not reported to PLM as soon as practicable as required by the terms of the policy.
In August 2009, PLM commenced this action against B & F and Maier for a judgment declaring that PLM was not obligated to defend or indemnify B & F in the underlying action. Maier answered the complaint in November 2009. In October 2010, the Supreme Court granted PLM's motion for leave to enter a default judgment against B & F after B & F failed to appear in the action or answer the complaint.
In May 2016, PLM proceeded to trial against Maier. The only witness PLM called was Francis Santoro, its vice president of claims. Over Maier's objection, and after a voir dire examination, the Supreme Court admitted into evidence a copy of the policy which was proffered by PLM. The copy of the policy admitted into evidence, which had been compiled by Santoro based upon information contained in the underwriting file, did not specify a location for which the policy applied. Moreover, the copy of the policy admitted into evidence provided a different description of an endorsement titled "Exclusion- Designated Ongoing Operations" than a copy of the policy that PLM had produced during discovery. When questioned about the discrepancy, Santoro did not know which version of the endorsement applied to the policy issued to B & F. Maier did not call any witnesses. After the parties submitted posttrial memoranda, the court issued an order dated July 28, 2016, granting PLM's application for a judgment declaring that it was not obligated to defend or indemnify B & F in the underlying action. Maier appeals.
The best evidence rule requires the production of an original writing where its contents are in dispute and are sought to be proven (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643; Stathis v Estate of Karas, 130 AD3d 1008, 1009; Kliamovich v Kliamovich, 85 AD3d 867, 869). Under an exception to the rule, "secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence and has not procured its loss or destruction in bad faith" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 643 [citations omitted]). The proponent of the secondary evidence "has the heavy burden of establishing, preliminarily to the court's satisfaction, that it is a reliable and accurate portrayal of the original" (id. at 645).
Here, PLM failed to offer any explanation as to the unavailability of the primary evidence, i.e., the original policy. PLM also did not establish that the copy of the policy proffered at trial was a "reliable and accurate portrayal of the original" (id.). In that regard, during voir dire examination, Santoro acknowledged that he had compiled the copy of the policy proffered by PLM at trial based upon information contained in the underwriting file, and he could not explain the language discrepancy between that copy of the policy and the copy of the policy produced by PLM during discovery. Consequently, the Supreme Court should not have admitted into evidence the copy of the policy proffered by PLM at trial. The error was not harmless since, without the original policy or an accurate replication, PLM could not establish what locations were covered by the policy, what exclusions to coverage, if any, existed under the terms of the policy, or the insured's responsibilities with respect to providing notice of the claim to PLM (see Stathis v Estate of Karas, 130 AD3d at 1011).
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a new trial.
In light of our determination, we need not reach Maier's remaining contentions.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court