HSBC Bank USA, N.A. v Sprei (2020 NY Slip Op 01050)





HSBC Bank USA, N.A. v Sprei


2020 NY Slip Op 01050


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-04701
 (Index No. 19879/09)

[*1]HSBC Bank USA, National Association, etc., appellant, 
v
Michael Sprei, et al., respondents, et al., defendants.


Sandelands Eyet LLP, New York, NY (Mitchell Zipkin, Laurence P. Chirch, and Mindy Kallus of counsel), for appellant.
Michael Sprei and Leah Sprei, Brooklyn, NY, respondents pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 8, 2017. The order, in effect, granted that branch of the motion of the defendants Michael Sprei and Leah Sprei which was to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
In 2009, the plaintiff commenced this action against, among others, the defendants Michael Sprei and Leah Sprei (hereinafter together the defendants). Michael Sprei appeared and moved, inter alia, to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The plaintiff opposed the motion, submitting, inter alia, the affidavits of service upon the defendant Michael Sprei. The subject branch of Michael Sprei's motion was held in abeyance pending determination of another branch of his motion. On November 9, 2013, the Supreme Court conditionally dismissed the action pursuant to CPLR 3216 unless the plaintiff filed a note of issue or otherwise proceeded by motion for entry of judgment within 90 days.
On March 7, 2016, the plaintiff moved, inter alia, for an order vacating the dismissal of the action and restoring the action to the calendar. Michael Sprei opposed the motion. Leah Sprei joined in Michael Sprei's opposition to the motion and in his earlier motion to dismiss the complaint, inter alia, for lack of personal jurisdiction. The Supreme Court granted the plaintiff's motion, and ordered a hearing on the issue of service. The plaintiff appeared on the date of the hearing and requested an adjournment. The court denied the adjournment request and, in effect, granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The plaintiff appeals, arguing, inter alia, that the court erred in ordering a hearing on the issue of service and in denying its request for an adjournment.
Contrary to the plaintiff's contention, a hearing was necessary to determine the issue of whether proper service was effected. Ordinarily, the affidavit of the process server constitutes prima facie evidence of proper service (see Bank of N.Y. Mellon v Ortiz, 174 AD3d 489, 490; Wachovia Bank, N.A. v Carcano, 106 AD3d 726). Here, the affidavits of service averred that the [*2]process server attempted personal service upon the defendants at their dwelling place on August 8 and 12, 2009. The affidavits further established that on August 13, 2009, the process server affixed copies of the summons and complaint to the door of their dwelling place. The defendants, however, presented evidence that the subject affidavits of service were filed with the clerk of the Supreme Court on August 7, 2009, prior to any of the alleged attempted service. In addition, the defendants submitted a sworn joint affidavit containing a detailed and specific contradiction of the statements in the process server's affidavits. This evidence rebutted the affidavits of service, necessitating a hearing (see Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344; Federal Home Loan Mtge. Corp. v MacPherson, 277 AD2d 418).
The plaintiff's contention that the Supreme Court erred in denying its request for an adjournment is also without merit. Here, the plaintiff failed to provide any explanation as to why it was unable to produce the process server and proceed with the hearing. Accordingly, the court providently exercised its discretion in denying the plaintiff's request for an adjournment because the plaintiff did not demonstrate due diligence in preparing for the hearing (see Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874, 876; Adotey v British Airways, PLC, 145 AD3d 748, 750; Colon v Bailey, 26 AD3d 454, 455).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court