Stathis v Estate of Donald Karas (2021 NY Slip Op 02330)





Stathis v Estate of Donald Karas


2021 NY Slip Op 02330


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-06435 
2017-09629
 (Index No. 4364/07)

[*1]Sam Stathis, plaintiff-appellant,
v
Estate of Donald Karas, etc., et al., defendants third-party plaintiffs-respondents; Aries, LLC, et al., third-party defendants-appellants. (Appeal No. 1.)
Sam Stathis, appellant,
v
Estate of Donald Karas, etc., et al., defendants third-party plaintiffs-respondents; Aries, LLC, et al., third-party defendants. (Appeal No. 2.)


Law Office of Angelo Langadakis III, P.C., Miller Place, NY, for plaintiff-appellant and third-party defendants-appellants in Appeal No. 1 and for appellant and third-party defendants in Appeal No. 2.
McCabe & Mack, LLP, Poughkeepsie, NY (Richard R. DuVall of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and conversion, (1) the plaintiff and the third-party defendants appeal from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated May 9, 2017, and (2) the plaintiff appeals from an order of the same court dated August 1, 2017. The order dated May 9, 2017, insofar as appealed from, granted that branch of the defendants third-party plaintiffs' motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the complaint. The order dated August 1, 2017, insofar as appealed from, upon reargument, adhered to the determinations in the order dated May 9, 2017, granting that branch of the defendants third-party plaintiffs' motion which was for summary judgment dismissing the complaint and denying the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the appeal from the order dated May 9, 2017, is dismissed, as the portions of the order appealed from were superseded by the order dated August 1, 2017, made upon reargument; and it is further,
ORDERED that the order dated August 1, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants third-party plaintiffs.
The plaintiff commenced this action to enforce his rights arising from a written agreement (hereinafter the joint development agreement). Pursuant to this agreement, the plaintiff and Donald Karas (hereinafter the decedent) agreed and bound themselves to develop certain real property owned by the decedent, and the decedent was to convey his interest in the property to the plaintiff, or to entities formed by the plaintiff and the decedent, of which the plaintiff and the decedent were to be equal joint owners. At trial, the Supreme Court permitted the plaintiff to enter into evidence a copy of the joint development agreement rather than the original document, and after the jury returned a verdict, judgment was entered in favor of the plaintiff. By decision and order dated July 29, 2015, this Court determined that the Supreme Court erred in permitting the plaintiff to enter into evidence a copy of the joint development agreement, reversed the judgment, and remitted the matter to the Supreme Court, Orange County, for a new trial (see Stathis v Estate of Karas, 130 AD3d 1008).
After further discovery, the defendants third-party plaintiffs (hereinafter collectively the defendants) moved, inter alia, for summary judgment dismissing the complaint on the basis that evidence of the joint development agreement was inadmissible at trial under the best evidence rule and the Dead Man's Statute (see CPLR 4519). The plaintiff cross-moved for summary judgment on the complaint. In an order dated May 9, 2017, the Supreme Court, among other things, in effect, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross motion. The plaintiff moved for leave to reargue. In an order dated August 1, 2017, the Supreme Court, upon reargument, adhered to its prior determinations.
The best evidence rule requires the production of an original writing where its contents are in dispute and are sought to be proven (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643; Stathis v Estate of Karas, 130 AD3d at 1009; Kliamovich v Kliamovich, 85 AD3d 867, 869). The rule "serves mainly to protect against fraud, perjury and inaccuracies . . . which derive from faulty memory" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 644 [internal quotation marks omitted]; see Stathis v Estate of Karas, 130 AD3d at 1010). Under an exception to the rule, "secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence and has not procured its loss or destruction in bad faith" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 644 [citations omitted]; see Stathis v Estate of Karas, 130 AD3d at 1010). The proponent of the secondary evidence "has the heavy burden of establishing, preliminarily to the court's satisfaction, that it is a reliable and accurate portrayal of the original. Thus, as a threshold matter, the trial court must be satisfied that the proffered evidence is authentic and correctly reflects the contents of the original before ruling on its admissibility" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 645 [internal quotation marks omitted]; see Stathis v Estate of Karas, 130 AD3d at 1010).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that evidence of the joint development agreement, which was vital to the plaintiff's case, would be inadmissible at trial pursuant to the best evidence rule and the Dead Man's Statute (see CPLR 4519; Stathis v Estate of Karas, 130 AD3d at 1010).
In opposition, the plaintiff failed to raise a triable issue of fact, as the plaintiff failed to adequately explain the unavailability of the original executed joint development agreement (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 644; Stathis v Estate of Karas, 130 AD3d at 1010). Moreover, even if the plaintiff met his threshold burden of explaining the unavailability of the original joint development agreement, he failed to establish that the copy was a reliable and accurate portrayal of the original (see Stathis v Estate of Karas, 130 AD3d at 1010). The plaintiff's proffered testimony that the copy was an exact copy of the original joint development agreement could not be offered at trial, as it was precluded by the application of the Dead Man's Statute (see CPLR 4519; Stathis v Estate of Karas, 130 AD3d at 1010-1011).
Similarly, the plaintiff failed to establish that the copy of the joint development agreement was admissible as a business record (see CPLR 4518[a]). Even if the plaintiff could establish that the "copy" was made or kept in the regular course of business, the plaintiff cannot [*2]establish that such copy was made as a memorandum or record of the transaction or occurrence at issue since he is precluded from testifying as to the same by the application of the Dead Man's Statute (see CPLR 4518[a]; 4519). Nor can the plaintiff establish that the copy of the joint development agreement is admissible as a reproduction of an original (see CPLR 4539[a]; 4519) or by way of a certification (see CPLR 3122-a).
"New York's Dead Man's Statute by its terms makes testimony by an interested witness 'concerning a personal transaction or communication between the witness and the deceased' excludable only '[u]pon the trial of an action or the hearing upon the merits of a special proceeding'" (Phillips v Kantor & Co., 31 NY2d 307, 313, quoting CPLR 4519). Generally, "[e]vidence, otherwise relevant and competent upon a trial or hearing, but subject to exclusion on objection under the Dead Man's Statute, should not predetermine the result on summary judgment in anticipation of the objection" (Phillips v Kantor & Co., 31 NY2d at 310). Thus, evidence excludable at trial under CPLR 4519 may be considered in opposition to a motion for summary judgment (see Phillips v Kantor & Co., 31 NY2d at 309-310; Kuznitz v Funk, 187 AD3d 1006). However, a trial is unnecessary if it is certain that there would be no waiver of the statute and that all of the proof would be excludable (see Phillips v Kantor & Co., 31 NY2d at 314). Where, as here, the sole evidence proffered by the opposing party is barred by the Dead Man's Statute, an award of summary judgment is appropriate (see Marszal v Anderson, 9 AD3d 711, 713; Matter of Lockwood, 234 AD2d 782, 782; see also Wright v Morning Star Ambulette Servs., Inc., 170 AD3d 1249, 1251).
Accordingly, upon reargument, the Supreme Court properly adhered to its determinations granting that branch of the defendants' motion which was for summary judgment dismissing the complaint and denying the plaintiff's cross motion for summary judgment on the complaint.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court