Matter of Giacobbe (2021 NY Slip Op 06354)





Matter of Giacobbe


2021 NY Slip Op 06354


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2020-06996

[*1]In the Matter of Frank Giacobbe, deceased. Carmela Deraco, respondent-appellant; Rosario Vizzari, appellant-respondent. (File No. 293/18)


Maker, Fragale & Di Costanzo LLP, Rye, NY (Costantino Fragale of counsel), for appellant-respondent.
Bleakley Platt & Schmidt, LLP, White Plains, NY (Susan E. Galv o and Vincent W. Crowe of counsel), for respondent-appellant.



DECISION & ORDER
In a proceeding pursuant to SCPA 1407 to admit a copy of a lost will to probate, the objectant appeals, and the petitioner cross-appeals, from an order of the Surrogate's Court, Rockland County (Keith J. Cornell, S.), dated August 27, 2020. The order, insofar as appealed from, denied the objectant's cross motion for summary judgment dismissing the petition. The order, insofar as cross-appealed from, denied the petitioner's motion for summary judgment dismissing the objections to probate and admitting a copy of the decedent's will to probate.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On June 4, 2018, the petitioner, Carmela Deraco, commenced this proceeding to admit a copy of the decedent's January 4, 1990 will (hereinafter the 1990 will) to probate. The petitioner, the decedent's sister, is the sole beneficiary of the decedent's estate under the 1990 will, which was drafted by, and executed under the supervision of, an attorney, Gerald R. Kane. The objectant, Rosario Vizzari, a nephew of the decedent, filed objections to probate of the 1990 will, alleging, inter alia, that the 1990 will was expressly revoked by a subsequent will executed by the decedent on December 23, 2014 (hereinafter the 2014 will).
The petitioner moved for summary judgment dismissing the objections to probate and admitting a copy of the 1990 will to probate. The objectant cross-moved for summary judgment dismissing the petition. The objectant's sole contention in support of his cross motion was that the 2014 will was duly executed in accordance with EPTL 3-2.1, and thereby, revoked the 1990 will. In support of the cross motion, the objectant relied on, among other things, a copy of the 2014 will, the affidavit of one of the witnesses, Guiseppe Aiosa, stating that he had no recollection of any circumstances regarding the 2014 will, and the deposition testimony of Michele Straputicari, the other witness to the 2014 will. In the order appealed and cross-appealed from, the Surrogate's Court denied the motion and the cross motion.
A lost or destroyed will may be admitted to probate only if, inter alia, it is established [*2]that the will has not been revoked (see SCPA 1407[1]; Matter of Lewis, 25 NY3d 456, 462). Here, the petitioner failed to establish her prima facie entitlement to judgment as a matter of law on the issue of whether the 1990 will was revoked by the decedent in light of the existence of a copy of the purported 2014 will and the deposition testimony of Michele Straputicari indicating that he witnessed the decedent's execution of the 2014 will. Thus, the Surrogate's Court properly denied the petitioner's motion for summary judgment dismissing the objections and admitting the copy of the 1990 will to probate.
The Surrogate's Court also properly denied the objectant's cross motion for summary judgment dismissing the petition as he failed to demonstrate his prima facie entitlement to judgment as a matter of law. EPTL 3-4.1(a)(1)(B) requires that a written revocation clearly indicate an intention by the testator to effect such revocation or alteration, executed with the formalities prescribed for the execution and attestation of a will (see Matter of Lewis, 25 NY3d 456). Thus, the objectant has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements of EPTL 3-2.1(a) (see Matter of Collins, 60 NY2d 466, 468; Matter of Rottkamp, 95 AD3d 1338, 1339).
Since the objectant is relying on a copy of the 2014 will, he was required to establish that the copy is admissible under the exception to the best evidence rule. Under that exception, "secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence and has not procured its loss or destruction in bad faith" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644 [citations omitted]; see Stathis v Estate of Karas, 130 AD3d 1008, 1010). The proponent of the secondary evidence "has the heavy burden of establishing, preliminarily to the court's satisfaction, that it is a reliable and accurate portrayal of the original. Thus, as a threshold matter, the trial court must be satisfied that the proffered evidence is authentic and correctly reflects the contents of the original before ruling on its admissibility" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 645 [internal quotation marks omitted]; see Stathis v Estate of Karas, 130 AD3d at 1010).
Here, the objectant failed to adduce sufficient evidence concerning the lost 2014 will to establish as a matter of law that it was duly executed, and he failed to adequately explain the unavailability of the original 2014 will (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 644; Stathis v Estate of Karas, 130 AD3d at 1010). There is no evidence that the 2014 will was drafted by an attorney, that an attorney supervised its execution, or that the 2014 will was accompanied by a self-proving affidavit. Accordingly, the presumption of regularity that the 2014 will was properly executed and the presumption of compliance with the statutory requirements of EPTL 3-2.1 do not apply here (see Matter of Sabatelli, 161 AD3d 872). There is also no evidence as to the identity of the person who drafted the 2014 will or how the objectant obtained a copy of it. Moreover, even if the objectant met his threshold burden of explaining the unavailability of the original 2014 will, he failed to establish that the copy was a reliable and accurate portrayal of the original (see Stathis v Estate of Karas, 130 AD3d at 1010), or that the original 2014 will was duly executed. While Straputicari, the only witness who recalled the circumstances surrounding the execution of the 2014 will, was able to identify his signature on the copy, he could not describe the original 2014 will, other than by stating that it was written on "regular paper," and he did not know the identity of the other person who witnessed the decedent signing the 2014 will.
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court