Brighton Leasing Corp. v Brighton Realty Corp. (2024 NY Slip Op 06325)

Brighton Leasing Corp. v Brighton Realty Corp.

2024 NY Slip Op 06325

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2021-09419
 (Index No. 519057/18)

[*1]Brighton Leasing Corp., appellant,
v
Brighton Realty Corp., respondent.

Michael Konopka & Associates, P.C., New York, NY, for appellant.
The Price Law Firm LLC, New York, NY (Joshua C. Price of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory and related injunctive relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated November 12, 2021. The order, insofar as appealed from, after a hearing, denied the plaintiff's motion for a preliminary injunction, vacated "all stays currently in place . . . including" a temporary restraining order dated September 21, 2018, and directed that all monies held in escrow be released to the defendant.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as vacated "all stays currently in place . . . including" a temporary restraining order dated September 21, 2018, and directed that all monies held in escrow be released to the defendant is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2018, the plaintiff tenant commenced this action, inter alia, for declaratory and related injunctive relief. The plaintiff alleged, among other things, that the parties executed an agreement to extend the term of a lease for certain commercial property located in Brooklyn through October 31, 2028, and that the defendant landlord refused to honor that agreement and insisted that the lease term ended on September 30, 2018. The plaintiff moved, inter alia, for a preliminary injunction enjoining the defendant from, among other things, commencing any eviction proceedings against the plaintiff or interfering with the plaintiff's rights to occupy or sublet the subject premises. In an order dated November 12, 2021, made after a hearing, the Supreme Court, inter alia, denied the plaintiff's motion for a preliminary injunction, vacated "all stays currently in place . . . including" a temporary restraining order dated September 21, 2018, and directed that all monies held in escrow be released to the defendant. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying the plaintiff's request for an adjournment of the hearing to enable a witness to appear to testify, as the plaintiff failed to provide an explanation as to why it was unable to produce the witness after the court had already granted the plaintiff's request for additional time to secure the [*2]witness's presence (see HSBC Bank USA, N.A. v Sprei, 180 AD3d 763, 764).
Also contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in precluding the plaintiff from entering a copy of the purported agreement to extend the term of the lease into evidence on the ground that the document violated the best evidence rule. "The best evidence rule requires the production of an original writing where its contents are in dispute and are sought to be proven" (Stathis v Estate of Karas, 193 AD3d 897, 899; see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643). However, "secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence and has not procured its loss or destruction in bad faith" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 644 [citations omitted]; see Stathis v Estate of Karas, 193 AD3d at 899). The proponent of this secondary evidence "has the heavy burden of establishing, preliminarily to the court's satisfaction, that it is a reliable and accurate portrayal of the original" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 645). Here, the plaintiff failed to sufficiently establish that an original signed agreement existed or to explain the unavailability of the purported original document (see Matter of Giacobbe, 199 AD3d 915, 917; Amica Mut. Ins. Co. v Kingston Oil Supply Corp., 134 AD3d 750, 753).
Furthermore, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for a preliminary injunction. "A preliminary injunction may be granted under CPLR article 63 when the party seeking such relief demonstrates: (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor" (Doe v Axelrod, 73 NY2d 748, 750). "The decision whether to grant or deny a preliminary injunction rests in the sound discretion of the court hearing the motion. Absent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination" (Benaim v S2 Corona, LLC, 214 AD3d 760, 761 [citation omitted]). Here, since the facts are in sharp dispute as to whether the parties executed an agreement to extend the term of the lease, the plaintiff failed to demonstrate a likelihood of success on the merits (see Kenner v Balkany, 219 AD3d 1504, 1506). Moreover, the plaintiff failed to demonstrate irreparable injury absent a preliminary injunction because the plaintiff could be adequately compensated by money damages (see Benaim v S2 Corona, LLC, 214 AD3d at 761; Trump on the Ocean, LLC v Ash, 81 AD3d 713, 716).
The plaintiff's remaining contentions either need not be reached in light of our determination or are without merit.
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court