| Snir v Fluency LLC |
|---|
| 2025 NY Slip Op 30122(U) |
| January 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156936/2023 |
| Judge: Dakota D. Ramseur |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DAKOTA D. RAMSEUR**                    PART                    34M

*Justice*

-------------------------------------------------------------------------------X

ASAF SNIR, ADAYA WEISSLER-SNIR,                          INDEX NO.           156936/2023

Plaintiff,                          MOTION DATE          02/13/2024

- v -                                                    MOTION SEQ. NO.           003

FLUENCY LLC, PARAISO GROUP LLC DBA HER NAME
WAS CARMEN, BOARD OF MANAGERS, THE AMERICAN            **DECISION + ORDER ON**
NUT & SCREW CONDOMINIUM, JOHN DOE, JANE DOE                 **MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148

were read on this motion to/for                    PREL INJUNCTION/TEMP REST ORDR          .

On July 10, 2023, plaintiffs Asaf Snir and his wife Weissler Snir commenced this action against defendants Paraiso Group LLC dba Her Name Was Carmen (hereinafter, "Paraiso"), Fluency LLC ("Fluency") and the Board of Directors of The American Nut and Screw Condominium (the "Condominium" or "Co-Op"), alleging that persistent loud DJ/live band music from the restaurant and nightclub Her Name Was Carmen ("Carmen" and/or "the club") interfered with their enjoyment of their residential apartment. Plaintiffs—whose co-op unit is located above Carmen—allege that the loud music and other noise nuisances routinely exceed the legal decibel limits set by New York City Administrative Code § 24-231 and violates numerous provisions of a commercial lease between Carmen and the Co-Op. Thus, in this action, plaintiffs interpose causes of action for private nuisance and breach of contract and seek, in addition to monetary remedies, a permanent injunction enjoining defendants from operating the club in violation of city statutes and the commercial lease. In this motion sequence (003), plaintiffs move for a preliminary injunction pursuant to CPLR § 6301 to enjoin of Paraiso, Carmen, and Fluency from operating the club in a manner which produces sounds above those prescribed by § 24-231 and violates, among other things, their liquor license, the Paraiso/Co-Op lease's agreements, and certain stipulations agreed to between Paraiso and Community Board No. 2. (*See* NYSCEF doc. no. 100, <u>OSC for preliminary injunction</u>.) Defendants oppose the motion in its entirety. For the following reasons, plaintiffs' motion is denied.

## BACKGROUND

In August 2021, plaintiffs purchased apartment unit 4 on the third floor of the American Nut and Screw Building Condominium at 525-527 Broome Street New York, NY. (NYSCEF doc. no. 1 at ¶ 15, <u>complaint</u>.) The Condominium is managed by the Board of Managers ("the

**156936/2023   SNIR, ASAF ET AL vs. FLUENCY LLC ET AL                    Page 1 of 5**
**Motion No.  003**

1 of 5

[* 1]

Board") and contains both commercial and residential units. (*Id*. at ¶2.) Paraiso and Carmen occupy one of the ground floor commercial units. However, at the time of purchase, Paraiso was not operating Carmen due to New York State and City COVID-19 regulations (*id*. at ¶24) and, thus, plaintiffs were unaware of any noise-related complaints. After making extensive renovations, plaintiffs moved into their apartment in September 2022 and discovered the loud music emanating from the club's DJ or live band until 4:00 a.m. over three days, every weekend. (*Id.* at ¶¶24-29, 40.) Throughout 2022, plaintiffs made numerous complaints to Paraiso, Carmen, and 311 to reduce the level of noise. (*Id*. at ¶ 44.) Further, plaintiffs took certain remedial actions to reduce the impact of the noise, including by installing soundproofing in their floors and ceiling that cost more than $80,000. (*Id.* at ¶32.). All measures, however, were unsuccessful. Plaintiffs further attempted to rent their unit to a third-party tenant but were unable to do so. (*See* NYSCEF doc. no. 130, full rental listing.)

In addition to the purported violation of NY Admin. Law §24-231 (which prohibits commercial music in excess of 42 decibels)[1], plaintiffs assert that the noise level emitted by Carmen violates the resolution adopted by Community Board No. 2 (subsequently adopted by the New York State Liquor Authority) that recommended the denial of a Paraiso's liquor license unless Paraiso agreed to "play quiet ambient-recorded background music" and "will have not have dancing, DJ's, live music [etc.]." (NYSCEF doc. no. 1 at ¶¶36-40.) Further, they allege defendants violated the Condominium's by-laws and the 2018 contract between the it and Paraiso—entitled "Stipulations for Restaurant Tenant at 525-527 Broome Street" (NYSCEF doc. no. 14)—which states that (1) "Tenant will use best efforts to ensure that the noise/music from the commercial space will not be heard from the residential units" and "tenant will not host live music of any nature" and (2) "Tenant will not host live music of any nature." (*Id.* at ¶¶18, 24.) After asking the Board to commence legal proceedings against the club for these alleged violations, which it refused, plaintiffs commenced this action, both on their own behalf and derivatively, alleging that the notice interferes with their right of quiet enjoyment of their unit.

By Decision and Order dated July 20, 2023, the Court denied plaintiffs' previous application for a preliminary injunction. More specifically, the Court found that plaintiffs had not demonstrated a likelihood of success on the merits of their private nuisance claim: the statute requires a showing of music in excess of 42 decibels as measured by a sound level meter such that Snir's personal knowledge, without anything more, was insufficient to establish a violation. (NYSCEF doc. no. 40 at 2-3.) Moreover, in the absence of plaintiffs' decibel measure, the Court noted that Paraiso had contracted with Hush Soundproofing ("Hush") to address plaintiffs' complaints, spent over $170,000 to soundproof Carmen, and conducted a sound test, according to which Hush measured a sound-level at just 32.5 decibels. (*Id*.) In the Court's words, "as plaintiffs fail to submit a report to rebut the Hush report establishing that the noise emanating from Carmen is below the noise code requirement and under ambient level, plaintiffs fail to demonstrate the likelihood of success on their private nuisance claim." (*Id*. at 3.) The Court also noted that it could not grant the preliminary injunction as plaintiffs sought relief identical to the

---

[1] NYC Administrative Code § 24-231 provides, "No person shall make or cause…any music originating from or in connection with the operation of any commercial establishment or enterprise when the love of sound, attributable to such music, as measured inside any receiving property dwelling unit: (1) is in excess of 42 dB(A0 as measure with a sound level meter."

**156936/2023   SNIR, ASAF ET AL vs. FLUENCY LLC ET AL**                                      **Page 2 of 5**
**Motion No.  003**

2 of 5

[* 2]

ultimate relief sought in the action and did not show "special circumstances" requiring immediate release.

In this motion sequence, plaintiffs seek the same preliminary injunction under CPLR 6301[2] and argue that they have addressed the deficiencies the Court found on its previous application. According to them, they hired Hawkeye Global Corporation Acoustical Consultants ("Hawkeye") to measure the noise, who visited their apartment on December 4, 2022, August 20, 2023, August 27, 2023, December 10, 2023, and December 17, 2023, and found that, on each occasion, the sound level inside was above 42 decibels. (NYSCEF doc. no. 103 at 2-3, Hawkeye report.) Further, Asaf Snir appears to have conducted their own acoustical tests and report that the tests show the decibel level to be above 42 throughout February 2, 2024. (NYSCEF doc. no. 106, Snir acoustical measures.) Lastly, plaintiffs submit photographic evidence of the large crowds gathered outside Carmen that apparently shows the type of non-DJ/live band noise that they are subjected to on weekends.

## DISCUSSION

A moving party must demonstrate their entitlement to a preliminary injunction pursuant to CPLR 6301 by establishing the following: (i) the danger of an irreparable injury should the Court not issue the sought-after injunctive relief (ii) plaintiff's probability of success on the merits of their underlying claim; and (iii) the balance of equities weighs in the plaintiff's favor. (*Sussman Educ., Inc. v Gorenstein*, 175 AD3d 11188, 1189 [1st Dept 2019].) The purpose of a provisional injunction is "not to determine the ultimate rights of the parties, but to maintain the status quo until there can be a full hearing on the merits." (*Bass v Wv Preserv. Partners, LLC*, 209 AD3d 480, 481 [1st Dept 2022].) Thus, to establish the likelihood-of success prong, "a prima facie showing of a reasonable probability of success is sufficient. (*Id*.)

Here, assuming *arguendo* that plaintiffs have demonstrated both the irreparable-injury and balance-of-equities prongs [3], they have failed to make the requisite prima facie showing of a reasonable probability of success. As described above, plaintiffs submit three forms of evidence that arguable demonstrates this probability: Snir's own decibel-level measurements, Hawkeye's expert report, and the photographs of the street scene outside the club. Each, however, has its own set of deficiencies.

First, Snir's personal measurements are an unreliable indication of the sound level emanating from Carmen. Among the many flaws defendants raise, Snir's affidavit does not

---

[2] CPLR 6301 provides that the court with the power to grant a preliminary injunction where " it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual."

[3] Were it necessary on this motion to analyze each prong individually, defendants' large expenditures on soundproofing Carmen (discussed *supra*) and the associated economic harms that are implicit in the type of injunction plaintiffs seek, not only harms to defendants but the community writ large, would undoubtedly weigh against plaintiffs. This is even more true given that plaintiffs have cited no reason why money damages cannot compensate for any harm they have suffered. (*See Montgomery v 215 Chrystie LLC*, 209 AD 3d 587, 587 [1st Dept 2022] [finding that the "plaintiff's motion to enjoin a condominium's hotel from operating its entertainment spaces at what she alleges are 'unreasonable noise levels' was properly denied" since the harm to her is compensable by measurable money damages and therefore not irreparable"].)

[* 3]

describe his training/experience, if any, in using the equipment needed to obtain accurate results, how the sound was measured, including what meter or device was used (§24-21 is unequivocal that the 42 dB[A] must be measure by a sound level meter) and how it was calibrated, where in the apartment the reading was taken from, whether the windows were open, and whether the measurements factored out sounds coming from inside the apartment or sources other than the club. The attached document is merely a column of purported readings covering just a one-minute, thirty-second timeframe on a particular night—February 2, 2023—without additional context whatsoever. (*See* NYSCEF doc. no. 106.) From the fact that plaintiffs' reply papers do not address these evidentiary issues, or even mention these readings at all, the Court can only surmise they concede this evidence is insufficient for purposes of demonstrating the merits of their nuisance claim.

Similarly, plaintiffs' photographic evidence lacks any relevant context: most critically, if they were taken before or after the previous application for injunctive relief and the renovations to soundproof Carmen. Regardless, the evidence constitutes the type that the Court previously determined is insufficient under Admin. Code §24-231 to demonstrate success on the merits. (*See* NYSCEF doc. no. 40 at pg. 2-3.) As with Snir's personal sound-level measurements, plaintiffs do not advance an argument in their reply papers as to why the photographs should be considered in establishing the merits of their claim.

Hawkeye's expert report serves as plaintiffs' most reliable evidence that defendants have violated Admin. Code §24-231. Defendants, however, commissioned Hush to reexamine the sound level coming from Carmen after soundproofing and to analyze Hawkeye's report. (*See* NYSCEF doc. no. 129, <u>Hush rebuttal report</u>.) In it, Hush first detailed the work it performed in soundproofing the club, including "add[ing] insulation" that reduced the "amplified reflection" within the club, "decouple[ing] a ceiling… so that vibration has minimal ways to transfer to the structure," added "multiple layers of Mass with different densities," "seal[ing] all the cracks and gaps with acoustical caulk," installing "panels on the exterior of the walls and ceiling to absorb and diffuse the amplified reflection in a room," and "replac[ing] multiple doors with 3 inch thick STC 56 Rated Soundproof Door," all of which, the report asserts, resulted in a reduction in the level of sound that can be heard outside the premises. (*Id*. at 1.) Hush then reviewed Hawkeye's original proposal to soundproof Carmen and concluded that its plan fell significantly short of what would have been required. (*Id*.) Perhaps most importantly, the Hush rebuttal identified a methodological error in Hawkeye's readings which could only be attributed to, in its opinion, an anomaly such as someone speaking in the room or walking on the floor while taking the measurements. (*Id*. at 1-2) Lastly, in the Hush rebuttal, he states that he spoke with plaintiffs multiple times during the project and that "they both said there was significant improvement every time I met with them. The sound proofing reduction happened over a 3-month period." Further, he explained that Paraiso would be willing to pay for improvements to apartment to further reduce the level of noise that intruded upon it, but that this offer was refused. (*Id*. at 2.) The point of this recitation of defendants' expert rebuttal is not to make any ultimate conclusions as to the validity of plaintiffs' claims but to show that the experts, including plaintiffs' rebuttal to the rebuttal (*see* NYSCEF doc. no. 144), are in sharp disagreement as to whether Carmen has or is currently producing sounds above the level permitted by the Administrative Code. Since the facts as to plaintiffs' claims are in sharp dispute, the Court cannot find that plaintiffs have demonstrated a reasonable probability of success. (*See Matter of Related Props., Inc. v Town Bd.*

[* 4]

*Of Tow/Village of Harrison*, 22 AD3d 587, 590-591 [2d Dept 2005]; *Brighton Leasing Corp. v Brighton Realty Corp.*, 2024 NY Slip Op 06325 at * 2 [2d Dept 2024].)

Lastly, the Court need not determine whether Carmen is considered a "nightclub" or not, as plaintiffs' moving papers do not raise the issue as a reason to grant the injunction and it does not affect any of the Court's analysis *supra*.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that plaintiffs Asaf Snir's and Weissler Snir's motion for a preliminary injunction pursuant to CPLR § 6301 is denied; and it further

ORDERED that the parties shall appear at 60 Centre Street, Part 34 at 9:30 on February 4, 2025 for a status conference with the Court; and it is further

ORDERED that counsel for defendants shall serve a copy of this order, along with notice of entry, on all parties within twenty (20) days of entry.

This constitutes the Decision and Order of the Court.

20250114095046DRAMSEUR11AF9F4398514BB19AB6523FBDE880B8

| | |
|---|---|
| **1/9/2025** | |
| **DATE** | **DAKOTA D. RAMSEUR, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156936/2023   SNIR, ASAF ET AL vs. FLUENCY LLC ET AL**
**Motion No.  003**

**Page 5 of 5**

5 of 5